UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DONALD GOFFE,

    Plaintiff,
v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, DONALD GOFFE ("GOFFE"), by and through his undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. GOFFE brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. GOFFE was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to GOFFE by LINA.

6. GOFFE was at all times material an employee of GTECH Corporation.

7. GOFFE was at all times material a plan participant under the GTECH Corporation Group Long Term Disability Policy, Policy Number LK-960035 (the "LTD Plan"), which was established by GTECH Corporation and pursuant to which GOFFE is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, GOFFE is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> **Definition of Disability/Disabled**
> An Employee is Disabled if, because of Injury or Sickness,
> 1. he or she is unable to perform all the material duties of his or her regular occupation, and solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings from working in his or her regular occupation; and
> 2. after Disability Benefits have been payable for 24 months, he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, and solely due to Injury or Sickness, he or she is unable to earn more than 60% of his or her Indexed Covered Earnings.

13. Since approximately December 30, 2013, GOFFE has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, GOFFE made a claim to LINA under the LTD Plan for disability benefits.

15. By letter dated August 20, 2015, LINA informed GOFFE that it was unable to approve his claim for benefits.

16. GOFFE timely and properly appealed LINA's denial of August 20, 2015.

17. By letter dated December 1, 2015, LINA affirmed its previous decision to deny GOFFE's LTD claim for disability benefits and informed GOFFE that he had exhausted all required administrative remedies but that a second appeal request will be accepted if different or additional information is submitted.

18. By letter dated May 18, 2016, GOFFE filed the optional appeal and submitted additional information that was not previously submitted to LINA.

19. By letter dated July 20, 2016, LINA's Appeal Specialist Blessing (last name not given) informed GOFFE that LINA was "unable to accept this additional information." Blessing additionally wrote that LINA had "not received new time relevant clinical records to address any measured functional impairments which would have precluded you from working full-time beginning September 21, 2012 and continuously forward."

Blessing also stated that GOFFE should "refer to the appeal determination letter dated November 4, 2014."

20. By letter dated July 27, 2016, GOFFE informed LINA that additional and different information was submitted and again requested that LINA perform a full and fair review of GOFFE'S May 18, 2016 appeal.

21. By letter dated August 3, 2016, LINA's Appeal Specialist Blessing responded to GOFFE'S July 27, 2016 letter by enclosing her July 20, 2016 letter.

22. At all relevant times, GOFFE complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

23. At all relevant times, GOFFE has been unable to perform all the material duties of his regular occupation, and solely due to Injury or Sickness, GOFFE has been unable to earn more than 80% of his Indexed Covered Earnings from working in his regular occupation.

24. At all relevant times, GOFFE has been unable to perform all the material duties of any occupation for which he may reasonably become qualified based on education, training or experience, and solely due to Injury or Sickness, GOFFE has been unable to earn more than 60% of his Indexed Covered Earnings.

25. At all relevant times, GOFFE has been under the regular care of a doctor.

26. At all relevant times, GOFFE was a Covered Person under the LTD Plan.

27. From the time he stopped working through the present date, GOFFE has not received benefits owed to him under the LTD Plan despite GOFFE's right to these benefits.

28. LINA has refused to pay GOFFE any LTD benefits.

29. At all relevant times, LINA was the payer of benefits.

30. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD

Plan.

31. At all relevant times, LINA was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

32. At all relevant times, GOFFE has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

33. GOFFE has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

34. GOFFE incorporates Paragraphs 1 through 33 as if fully set forth herein.

35. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

36. Pursuant to 29 U.S.C. §1132(a)(1)(B), GOFFE, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

37. GOFFE has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA's failure to pay his disability benefits.

38. GOFFE has exhausted all administrative remedies under the LTD Plan.

39. Defendant breached the LTD Plan and violated ERISA in the following respects:

   (a) Failing to pay LTD benefit payments to GOFFE at a time when LINA knew, or should have known, that GOFFE was entitled to those benefits under the terms of the LTD Plan, as GOFFE was disabled and unable to work and therefore entitled to benefits.

  (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of GOFFE's claim for LTD benefits;

  (c) After GOFFE's claim was terminated in whole or in part, LINA failed to adequately describe to GOFFE any additional material or information necessary for GOFFE to perfect his claim, along with an explanation of why such material is or was necessary.

  (d) LINA failed to properly and adequately investigate the merits of GOFFE's disability claim and failed to provide a full and fair review of GOFFE's claim.

40. GOFFE believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which GOFFE is presently unaware, but which may be discovered in this future litigation and which GOFFE will immediately make LINA aware of once said acts or omissions are discovered by GOFFE.

41. Following the termination of benefits under the LTD Plan, GOFFE exhausted all administrative remedies required under ERISA, and GOFFE has performed all duties and obligations on his part to be performed under the LTD Plan.

42. As a proximate result of the aforementioned wrongful conduct of LINA, GOFFE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

43. As a further direct and proximate result of this improper determination regarding GOFFE's claim for benefits, GOFFE, in pursuing this action, has been required to incur

attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), GOFFE is entitled to have such fees and costs paid by LINA.

44. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, GOFFE is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHEREFORE, DONALD GOFFE prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: September 21, 2016

                                          ATTORNEYS DELL AND SCHAEFER,

CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Telephone: (954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com